UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION

| UNITED STATES of AMERICA, | ) | DOCKET NO. 3:07CR119 - W |
|---|---|---|
| v. | ) | |
| | ) | ORDER |
| (4) ALFREDO SUSI, | ) | |
| Defendant | ) | |

Defendant ALFREDO SUSI moves this Court to amend his conditions of pretrial release to exclude the repatriation of the defendant's overseas funds. <u>Because of the very admissions made by Defendant in his motion</u>, the motion is DENIED, and he will remain in custody until he repatriates the overseas funds to the United States and causes said funds to be placed in the custody of the United States Department of Justice.

Defendant admits in his motion: "The monies represent 100% of Mr. Susi's assets." <u>See</u> Paragraph 9. Defendant also admits that the overseas funds "are in no way connected to the alleged scheme to defraud, as set for in the Bill of Indictment, nor are they the proceeds of said scheme." <u>See</u> Paragraph 15.

These two admissions show to the Court that the Defendant has caused "act[s] or omission[s]" that have placed forfeitable assets "beyond the jurisdiction of the court" or that he has transferred forfeitable assets to third parties. 21 U.S.C. § 853(p)(1)(A-E). Therefore, the Defendant is now subject to the forfeiture of "substitute assets" – and the only "substitute assets" by the

1

Defendant's own admission are the overseas funds.[1] The Fourth Circuit authorizes the pre-trial restraint of substitute assets. See In re Billman, 915 F.2d 916, 919 (4th Cir. 1990), cert. denied, 500 U.S. 952 (1991).[2]

Thus, after Defendant's own admissions, repatriation of those funds are even more critical now than before – because they are necessary for the government to restrain, preserve, and, in the event of conviction, forfeit for restitution to victims and other lawful purposes.

The Defendant's refusal to repatriate funds which he should know may be forfeited in part or in full if he is convicted shows this Court that he is a risk of flight. If he were to repatriate the funds, then it would show that he has faith in the judicial system to acquit him, resulting in the release of his funds. Otherwise he has almost $1,000,000 overseas beyond reach of this Court and the government, making him an extraordinary risk of flight. So long as the Defendant has approximately $1,000,000 overseas, there is no condition or combination of conditions that can insure his appearance at Court.

---

[1] While Defendant admits that the indictment alleges a $10,000,000 loss, he asserts that he is only responsible for monetary losses between $50,000 and $60,000. A conspirator, however, is responsible for criminal forfeiture and restitution jointly and severally with his co-conspirators for all losses which were reasonably foreseeable to him.

[2] See also Stefan D. Cassella, Asset Forfeiture Law in the United States, § 17-14 (2007); B. Frederic Williams, Jr., & Frank D. Whitney, Federal Money Laundering: Crimes and Forfeitures, § 13.14.2 (1999). The Defendant cites United States v. Monsanto for the proposition that he is entitled to a pre-trial adversarial hearing before freezing his assets. Monsanto, however, does not stand for the cited purpose. In fact, the Supreme Court expressly stated that "We do not consider today, however, whether the Due Process Clause requires a hearing before a pretrial restraining order can be imposed." See Monsanto, 491 U.S. at 616 n.10 (1989). Since Monsanto, the Fourth Circuit has held that "the probable cause found by grand jury satisfies the government's burden of proving the allegations of the indictment," making a pre-trial hearing for freezing assets unnecessary. Billman, 915 F.2d at 919 (quoting S. Rep. 98-255, 203: "the probable cause established in the indictment or information is to be determinative of any issue regarding the merits of the government's case on which the forfeiture is based").

Thus Defendant's motion is DENIED.

Signed: September 20, 2007

Frank D. Whitney
United States District Judge