# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF NORTH CAROLINA
# CHARLOTTE DIVISION

| | |
|---|---|
| UNITED STATES of AMERICA, | DOCKET NO. 3:07CR119 - W |
| v. | |
| (4) ALFREDO SUSI, | |
| Defendant | |

## RESTRAINING ORDER

The United States has made an application to this Court, pursuant to 21 U.S.C. § 853(e)(1)(A), for a restraining order to preserve the availability of certain property that is subject to forfeiture in the above-styled criminal action.

1.  That a federal grand jury of this district has returned an Indictment against defendant **ALFREDO SUSI** on charges of Conspiracy and Wire Fraud, in violation of 18 U.S.C. §§ 371 and 1343. Furthermore, said Indictment alleges criminal forfeiture under 18 U.S.C. § 982 of property, including substitute assets, in which defendant **ALFREDO SUSI** holds an interest.

2.  That on April 2, 2008 defendant **ALFREDO SUSI** was convicted by jury of one count of conspiracy (Count 1: 18 U.S.C. § 371) and nineteen counts of wire fraud (Counts 4-7, and 11-24:18 U.S.C. § 1343). Following the conviction, the jury returned a Special Verdict setting the amount of restitution at $1.8 million dollars which establishes sufficient probable cause for the issuance of this restraining order.

3.  That the need to preserve the availability of the subject property through the entry of the order requested herein outweighs the hardship on any party against whom the order is to be

entered.

4.     That any third party claims to the subject property may be properly brought and resolved in ancillary proceedings conducted by this Court following the execution of a Preliminary Order of Forfeiture in accordance with the provisions of federal forfeiture law.

THEREFORE, IT IS HEREBY ORDERED AND DECREED:

1.     That, effective immediately, defendant **ALFREDO SUSI**, his agents, servants, employees, attorneys, family members and those persons in active concert or participation with him, and those persons, financial institutions, or other entities who have any interest or control over the subject property are hereby:

RESTRAINED, ENJOINED, AND PROHIBITED, without prior approval of this Court and upon notice to the United States and an opportunity for the United States to be heard, from attempting or completing any action that would affect the availability, marketability or value of said property, including but not limited to selling, transferring, assigning, pledging, distributing, encumbering, wasting, secreting, depreciating, damaging, or in any way diminishing the value of, all or any part of their interest, direct or indirect, in any property owned or controlled by the defendant **ALFREDO SUSI**.

2.     The government has shown good cause for an Order directing the defendant to repatriate all assets and properties located outside of the United States and it is FURTHER ORDERED pursuant to 21 U.S.C. §853(p) as follows:

Defendant **ALFREDO SUSI** shall immediately repatriate and deposit with United States Marshals Service any and all properties located outside of the United States over which he has any direct or indirect interest or control, including but not limited to, all such assets that are directly

owned by him as well as all such assets that indirectly owned by or credited to his benefit through his agents, nominees or business entities controlled by him. Said properties shall be deposited pending further orders of this Court with the United States Marshals Service, in an interest-bearing account, if appropriate.

The assets and property to be repatriated include, but are not limited to the following:

- The funds and property held by Maerki Baumann & Co. AG, Zurich, Switzerland; including but not limited to the funds in account number 556165 with a User Identification: E110960; Card Number: 51297440; Account Name: "ALFREDO SUSI;" owned by ALFREDO SUSI; Beneficiary: Landslide Corp.

- The funds and property held by Belize Bank Ltd. in Belize City, Belize including but not limited to a Certificate of Incumbency in the amount of $50,000 in the name of Landslide Corp., a Belize corporation owned by ALFREDO SUSI

- The funds and property held by Landslide Corp., a Belize corporation owned by ALFREDO SUSI.

- The funds and property held by Landsly Corp., a corporation owned by ALFREDO SUSI.

- The funds and property held by Credicorp Bank in Panama including but not limited to the funds in account number 4020223967.

- The funds and property located in Costa Rica.

The forgoing assets and property are substitute assets, subject to forfeiture to the United States pursuant to 28 U.S.C. § 2461(c), 18 U.S.C. § 981(a)(1)(C), and 21 U.S.C. § 853(p), by virtue of the return of the Indictment in the above-captioned case.

3. The Defendant **ALFREDO SUSI** is HEREBY ORDERED to forthwith take all steps necessary to repatriate the funds and property held by or in (1) Maerki Baumann & Co. AG; (2) Belize Bank Ltd.; (3) Landslide Corp.; (4) Landsly Corp.; (5) Credicorp Bank; and (6) Costa Rica to the jurisdiction of the Court and to forthwith surrender the funds and property to the United States Marshals Service pending further order of this Court.

4. IT IS FURTHER ORDERED that any financial institutions holding any accounts subject to this Order shall take no offsets against such accounts. They shall continue to credit any deposits, interest, dividends, or other credits to such accounts in the normal course of business, and such deposits, interest, dividends, and other credits shall be subject to this Order. In addition, upon receiving notice of this Order, each financial institution shall promptly inform the Government as to the account balances at the time of notice, and shall thereafter supplement such information by reporting to the Government any changes to the accounts, and by responding promptly to requests by the Government for information on the accounts' current status.

5. IT IS FURTHER ORDERED that the United States or any person subject to this Order may seek modifications of this Order if it is deemed necessary by them to preserve their interest in the subject property. Defendant has the right to file a motion and to request a hearing seeking permission to use the subject property to pay for attorney fees and costs related to post judgment matters.

6. The Clerk of Court shall provide copies of this Order to counsel of record and to the United States Marshals Service.

7. THIS RESTRAINING ORDER shall remain in full force and effect until further order of this Court.

IT IS SO ORDERED.

Signed: April 22, 2008

Frank D. Whitney
United States District Judge