UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION

DOCKET NO. 3:07CR119-FDW

| | |
|---|---|
| UNITED STATES OF AMERICA, )<br> )<br>Plaintiff, )<br> )<br>v. )<br> )<br>ALFREDO SUSI, )<br> )<br>Defendant. ) | **PRELIMINARY ORDER<br>OF FORFEITURE<br>(SUBSTITUTE PROPERTY)** |

In the bill of indictment in this case, the United States sought forfeiture of property of the defendant pursuant to 18 U.S.C. §982(a)(8) as property that was proceeds of and/or was used to facilitate the crime(s) charged, together with any other substitute property, which would be subject to forfeiture under §853(p).

Defendant was convicted at trial and was adjudged guilty of the offenses charged in Counts One, Four through Seven, and Eleven through Twenty-Four. In a Final Order of Forfeiture entered on November 25, 2008, defendant was ordered to forfeit the sum of approximately $1,885,359.00 as a money judgment for criminal proceeds. Under 21 U.S.C. §853(p), the government has moved to substitute other specific property of defendant for a corresponding portion of the money judgment.

It is therefore ORDERED:

1. Based upon defendant's conviction and the money judgment in the Final Order of Forfeiture, the United States is authorized to seize the following property belonging to defendant, and it is hereby forfeited to the United States for disposition according to law, subject to the

provisions of 21 U.S.C. §853(n): the sum of approximately $1,005,514.82 in United States funds, in custody of the United States Marshals Service, with any interest. Defendant shall receive a credit for this amount in partial satisfaction of the money judgment.

2. Pursuant to 21 U.S.C. §853(n)(1), the government shall publish as required by law notice of this order; notice of its intent to dispose of the property in such manner as the Attorney General may direct; and notice that any person, other than the defendant, having or claiming a legal interest in any of the above-listed forfeited property must file a petition with the Court within thirty days of the final publication of notice or of receipt of actual notice, whichever is earlier. This notice shall state that the petition shall be for a hearing to adjudicate the validity of the petitioner's alleged interest in the property, shall be signed by the petitioner under penalty of perjury, and shall set forth the nature and extent of the petitioner's right, title or interest in each of the forfeited properties and any additional facts supporting the petitioner's claim and the relief sought. The United States may also, to the extent practicable, provide direct written notice to any person known to have alleged an interest in property that is the subject of this order of forfeiture, as a substitute for published notice as to those persons so notified.

3. Upon adjudication of all third-party interests, this Court will enter a final order of forfeiture as to the specific substitute property, pursuant to 21 U.S.C. §853(n).

Signed: December 15, 2008

Frank D. Whitney
United States District Judge